1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES MORRIS JACKSON, JR.,

11              Plaintiff,                    No. CIV S-09-2370 DAD P

12        vs.

13   MATTHEW CATE, et al.,                    ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20                              **SCREENING REQUIREMENT**

21              The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

                                              1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

12   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

18   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   The Civil Rights Act under which this action was filed provides as follows:

20       Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the
21       deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
22       law, suit in equity, or other proper proceeding for redress.

23   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

2  omits to perform an act which he is legally required to do that causes the deprivation of which

3  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4          Moreover, supervisory personnel are generally not liable under § 1983 for the

5  actions of their employees under a theory of respondeat superior and, therefore, when a named

6  defendant holds a supervisorial position, the causal link between him and the claimed

7  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

8  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

9  allegations concerning the involvement of official personnel in civil rights violations are not

10  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11                              **PLAINTIFF'S COMPLAINT**

12          In the present case, plaintiff has identified Matthew Cate and the California

13  Department of Corrections and Rehabilitation as the defendants.  In his complaint, plaintiff

14  alleges that he wishes to commence a class action lawsuit on behalf of 58,000 state prisoners

15  because the defendants have failed to release them in accordance with the court's order in

16  Coleman v. Schwarzenegger, Case No. CIV S-90-0520 LKK JFM.  Plaintiff also requests one

17  million dollars for each of those 58,000 prisoners.  (Compl. at 1-2.)

18                                    **ANALYSIS**

19          Plaintiff is advised that the three-judge panel in Coleman did not order the release

20  of any prisoners in its order.  Rather, the court ordered the defendants in that case to submit an

21  inmate "population reduction plan that would in no more than two years reduce the population of

22  CDCR's adult institutions to 137.5 % of their combined capacity design."  (Opinion & Order

23  Filed Aug. 4, 2009).  Accordingly, plaintiff's complaint is frivolous and should be dismissed.

24  See Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords judges the authority to

25  dismiss those claims whose factual contentions are clearly baseless).

26  /////

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 25, 2009 motion to proceed in forma pauperis (Doc. No. 2) be denied;

2. All pending motions be denied as moot; and

3. This action be dismissed as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2009.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jack2370.56

4